## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DUSTY AARON SONGER,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-153-HE |
| **FEDERAL BUREAU OF PRISONS,** | ) ) ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

Dusty Aaron Songer, a federal prisoner proceeding *pro se* and *in forma pauperis*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial review, the undersigned recommends that the Court **TRANSFER** the Petition for lack of jurisdiction.

### I.   DISMISSAL AND TRANSFER OF THE PETITON

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted). Here, Mr. Songer is incarcerated at the FCI Bastrop, Bastrop, Texas, Bastrop County[1] a facility located within the territorial jurisdiction of the Western District of Texas. *See* 28 U.S.C. §124(d). Consequently, this Court lacks jurisdiction over his petition. *See Haugh*, 210 F.3d at 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence

---

[1] (ECF No. 1:2).

rather than its validity and must be filed in the district where the prisoner is confined."). Nonetheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (citation and internal quotation marks omitted). It is within this court's discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Petitioner challenges the execution of his sentence, arguing that BOP officials have failed to calculate his sentence properly by not applying "jail credits" which he believes he is owed pursuant to a court order which ordered his state and federal sentences to run concurrently. (ECF No. 1:3). No issue mitigates against the transfer of this matter to the appropriate judicial district for disposition.

## II. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends that the interest of justice warrants the transfer of this matter to the United States District Court for the Western District of Texas.

Petitioner is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **March 31, 2025**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives

the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### III.  STATUS OF THE REFERRAL

This report and recommendation terminates the referral to the undersigned Magistrate Judge.

ENTERED on March 14, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE